IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTON THOMPSON,

                Plaintiff,

v.

HSM UTTER, ALANA ACKER,
DOCTOR SUKOWATY, DOCTOR LEDESMA,
B. ALT, D. VALERIUS, RN FAITH,
JOHN AND/OR JANE DOES, and
WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

ORDER

23-cv-381-jdp

---

Plaintiff Quenton Thompson, without counsel, alleges that prison staff failed to properly treat his severe back and hip problems and the pain from those problems, and then failed to accommodate his resulting disabilities. I granted Thompson leave to proceed on various claims under Eighth Amendment and under the Rehabilitation Act. Dkt. 12.

Thompson has filed a motion for reconsideration of the portion of my screening order denying him leave to proceed on an Eighth Amendment claim about a long delay in him receiving back surgery. Dkt. 13. In my order I stated that Thompson couldn't proceed on such a claim because he didn't identify which of the named defendants was responsible for the delay. *Id.* at 8 (quoting *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation)). In his motion for reconsideration, Thompson contends that all of the medical-staff defendants whom he saw during the delay are liable for that delay. But he doesn't include allegations explaining why they would be responsible for scheduling his off-site appointments and how they failed to do so. So I will deny Thompson's motion for reconsideration.

Thompson has also renewed his request for the court's assistance in recruiting him counsel, stating that he has severe mental health issues, that the inmate helping him prepare documents is no longer available to do so, and that he will have difficulty litigating the case while in a segregation unit. Dkt. 30. I will deny Thompson's motion because it is still far too early to tell whether this case will truly be too complex for Thompson to litigate himself. For example, the case has not even passed the relatively early stage in which defendants often file a motion for summary judgment based on exhaustion of administrative remedies, which can end up in dismissal of cases like this one before they advance deep into the discovery stage of the litigation. Many inmates in segregation are able to litigate their lawsuits in this court, and even Thompson's filings that he has submitted without the help of other inmates do not suggest that his abilities are below those of other prisoners who represent themselves in this court.

I will deny Thompson's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the lawsuit himself. But if he refiles his motion, he will have to more completely explain his limitations and how they will keep him from performing specific litigation tasks.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 13, is DENIED.

2. Plaintiff's renewed motion for recruitment of counsel, Dkt. 30, is DENIED without prejudice.

Entered April 15, 2024.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge