IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTON THOMPSON,

                         Plaintiff,

     v.

HANNAH UTTER, ALANA ACKER,
LAURA SUKOWATY, MARK LEDESMA,
BONNIE ALT, DENISE VALERIUS,
FAITH KRESSER, EILEEN GAVIN, JAIME ADAMS,
SHERYL KINYON, JUSTIN RIBAULT, JOHN DOE
STAFFERS and WISCONSIN DEPARTMENT OF
CORRECTIONS,[1]

                        Defendants.

             OPINION and ORDER

               23-cv-381-jdp

---

Plaintiff Quenton Thompson, proceeding without counsel, alleges that prison staff failed to properly treat his severe back and hip problems and the pain from those problems, and then failed to accommodate his resulting disabilities. I granted Thompson leave to proceed on various claims under the Eighth Amendment and under the Rehabilitation Act. Dkt. 12.

Currently before the court are motions for summary judgment filed by the defendants represented by the Wisconsin Department of Justice (who I will call the "state defendants"), Dkt. 48, and by defendant Faith Kresser, Dkt. 57, arguing that Thompson failed to exhaust his administrative remedies for many of his claims. The state defendants also move to dismiss an unidentified "John Doe" defendant against whom I allowed Thompson to proceed on claims. Dkt. 54. Thompson seeks to amend his complaint to add new allegations. Dkt. 89. I will grant defendants' motions for summary judgment and dismiss the unexhausted claims. I will also

---

[1] I have amended the caption to reflect defendants' names as provided in their submissions.

dismiss the John Doe defendant and I will grant Thompson leave to proceed on a new Eighth Amendment claim based on his new allegations.

ANALYSIS

## A. Exhaustion-based summary judgment motions

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

### 1. State defendants

Thompson brings a series of claims against various defendants employed by the state. The state defendants submit Thompson's inmate grievance history, Dkt. 53-1, and they

concede that Thompson has exhausted his administrative remedies for some of those claims. They contend that Thompson did not file any timely grievances about the following claims:

- Defendant Nurse Alt took two months to respond to a request Thompson made about needing treatment for his condition, leaving him to languish in pain.

- Tramadol had successfully treated Thompson's pain, but defendant Dr. Ribault gave him other medications that were ineffective to treat his pain.

- Defendant Dr. Ledesma gave Thompson a placebo for pain while suggesting that he get more advanced treatment after his release.

- After Thompson's surgery, an unidentified Jane Doe nurse (either Jaime Adams or Sheryl Kinyon) didn't help Thompson obtain the tramadol that he had been re-prescribed.

- A John Doe staffer told Thompson to continue with Tylenol or NSAID medication despite knowing that it wouldn't properly address his pain.

- Defendant Dr. Sukowaty discontinued various restrictions that Thompson had to accommodate his pain.

- Thompson's Rehabilitation Act claim.

In his response, Thompson doesn't say anything about exhausting his claims against defendant Ledesma or the John Doe staffer. I will grant the state defendants' motion regarding these claims.

As for his claims against Alt, Ribault, and the Jane Doe nurse, Thompson states in declarations that he did file grievances about those claims; he doesn't submit those grievances or explain what happened to any of those grievances or what he did after learning that those grievances were not processed. That isn't enough to stave off summary judgment. Under *Lockett v. Bonson*, 937 F.3d 1016, 1026–28 (7th Cir. 2019), when a state has a receipt mechanism for informing prisoners that it has received a grievance or appeal, a prisoner cannot overcome exhaustion by simply alleging that he filed a timely submission that was lost in transit. Instead, the prisoner must take action to inquire about the missing document. Wisconsin has such a

system: under Wis. Admin. Code § DOC 310.10(4), the institution complaint examiner must give written notice of receipt to the prisoner within ten days of the examiner receiving a grievance. So a failure to receive a notice should spur the inmate to file a grievance about the issue. *See Anderson v. Manderle*, No. 19-cv-853-jdp, 2021 WL 861311, at *3 (W.D. Wis. Mar. 8, 2021); *Grender v. McCullick*, No. 19-cv-403-bbc, 2020 WL 599547, at *2 (W.D. Wis. Feb. 7, 2020) (inmate "cannot demonstrate an issue of fact with respect to exhaustion by merely asserting that he submitted a grievance for which there is no record and for which he did not receive a receipt."). Because Thompson did nothing after failing to receive receipts for the grievances that he purportedly filed, I will grant defendants' motion for summary judgment on these claims.

The state defendants contend that Thompson failed to exhaust his claims against Dr. Sukowaty for discontinuing his "in-front cuff" restriction and his shoe restriction in late 2022, because the only grievances that he filed about these problems were submitted months after he filed his complaint in this lawsuit. *See* Dkt. 53-6 and 53-7. Thompson states that he filed other grievances about the shoe restriction before his lawsuit. *See* Dkt. 68-1; Dkt. 68-2; Dkt. 68-3. But those grievances concern requests for orthopedic shoes and complaints that Sukowaty denied him medical care for his feet and would not fit him for medical shoes. They aren't about Thompson's specific claim about discontinuation of a shoe restriction already in place. So I will grant the state defendants' motion for summary judgment on these claims. The parties also discuss a claim about Sukowaty discontinuing Thompson's wedge pillow, but I did not allow Thompson to proceed on such a claim so I will not consider those arguments further.

Thompson contends that prison staff violated the Rehabilitation Act by failing to give him accommodations for the difficulties he had walking and using the restroom. The state

4

defendants contend that Thompson failed to exhaust this claim because he didn't file any requests for accommodations of a disability or any grievances related to the denial of an accommodation. In response, Thompson only conclusorily states that he gave accommodation requests to his unit manager. Even if he did make such a request, it is undisputed that he never filed a grievance about denials of those requests or the requests being unanswered. So he failed to exhaust his administrative remedies regarding his Rehabilitation Act claim; I will grant the state defendants' motion for summary judgment on that claim.

### 2.  Defendant Kresser

I granted Thompson leave to proceed on a claim that defendant Nurse Faith Kresser failed to do anything to help him for a bout of excruciating pain, not even take his vitals. Kresser moves for summary judgment on exhaustion grounds regarding this claim. Dkt. 57. Kresser states that Thompson did file a grievance about Kresser's (and others') care, No. CCI-2023-6028, but that after that grievance was dismissed, Thompson did not discuss Kresser's care in his appeal. *See* Dkt. 60-1.

Thompson filed his response about a week after the deadline set by the court; he argues that it wasn't necessary for him to identify Kresser by name in his appeal. Kresser seeks to strike Thompson's belated response. Dkt. 70. I will deny that motion.

Thompson is correct that the PLRA's exhaustion requirement does not require an inmate complaint to name all defendants against who he is attempting to bring a claim. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007). Under applicable Wisconsin regulations, an inmate's complaint need only "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). But Thompson's appeal does not meet this

5

standard for his claim against Kresser because it discusses only actions or inactions by defendant Sukowaty. The appeal does not give notice that Thompson also meant to appeal the part of his grievance having to do with Kresser. I will grant Kresser's motion for summary judgment.

## B.  Motion to dismiss John Doe defendant

The state defendants also move to dismiss the claim against the John Doe staffer who did nothing to respond to Thompson's complaint of an injection completely numbing his buttocks, scrotum, and right leg and foot. Dkt. 54. Despite Thompson submitting a supplement to his complaint identifying the other John and Jane Doe defendants, Thompson did not identify the defendant for this claim. Thompson did not submit a response to the state defendants' motion to dismiss. I will grant the state defendants' motion.

## C.  Motion for reconsideration of screening order

Thompson has filed a motion that he titles as one for reconsideration of my order screening his complaint. Dkt. 89. In particular, he challenges my determination that he failed to state any claims about a lengthy delay in him obtaining back surgery because he didn't adequately explain how any particular defendant was responsible for the delay. *See* Dkt. 12, at 8. Thompson's motion contains new allegations discussing defendants' actions that he believes caused the delay, so his motion isn't really one for reconsideration of my previous decision, but rather for leave to amend his complaint to include the new allegations.

I must grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thompson now alleges that Dr. Murphy at some point changed his referral for surgery to a referral for a pain injection instead, even though he knew that Thompson was urinating and defecating on himself, symptoms that needed medical intervention beyond a pain

6

injection. I will grant Thompson leave to proceed on an Eighth Amendment claim against Murphy. Nothing else in Thompson's new allegations states an Eighth Amendment claim; as with his earlier filings he names various defendants without explaining precisely what they did that violated his rights, or that they were nurses who followed Murphys's plan of care, which doesn't violate the Eighth Amendment.

## ORDER

IT IS ORDERED that:

1. The state defendants' motion for partial summary judgment, Dkt. 48, is GRANTED.

2. Defendant Kresser's motion to strike, Dkt. 70, is DENIED.

3. Defendant Kresser's motion for summary judgment, Dkt. 57, is GRANTED.

4. The claims dismissed on exhaustion grounds are DISMISSED without prejudice.

5. The state defendants' motion to dismiss plaintiff's claim against defendant John Doe staffer, Dkt. 54, is GRANTED.

6. Plaintiff's motion to amend the complaint, Dkt. 89, is GRANTED. The court will treat Dkt. 89 as a supplement to the operative complaint.

7. Plaintiff is GRANTED leave to proceed on an additional Eighth Amendment claim against defendant Dr. Murphy.

8. The clerk of court is directed to add defendant Murphy to the caption, and to remove defendants Ribault, Ledesma, John Doe staffers, Kresser, and the Wisconsin Department of Corrections.

Entered January 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

7