IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTON THOMPSON,

                Plaintiff,

  v.

HANNAH UTTER, ALANA ACKER,
LAURA SUKOWATY, BONNIE ALT,
DENISE VALERIUS, EILEEN GAVIN,
JAIME ADAMS, SHERYL KINYON,
and DR. MURPHY,

                Defendants.

OPINION and ORDER

23-cv-381-jdp

---

Plaintiff Quenton Thompson, proceeding without counsel, alleges that prison staff failed to properly treat his severe back and hip problems and the pain from those problems, and then failed to accommodate his resulting disabilities. I granted Thompson leave to proceed on various claims under the Eighth Amendment and under the Rehabilitation Act. Dkt. 12. In a January 27, 2025 order, I dismissed many of Thompson's Eighth Amendment claims and his Rehabilitation Act claim for his failure to exhaust his administrative remedies regarding those claims, and I allowed him to add an Eighth Amendment claim against a new defendant, Dr. James Murphy. Dkt. 91.

This order concerns several motions filed the parties.

ANALYSIS

A. Thompson's motion for reconsideration

Thompson moves for reconsideration of the portion of my January 27 order dismissing defendant Faith Kresser for his failure to exhaust his administrative remedies for the claim that

Kresser failed to do anything to help him for a bout of excruciating pain. Dkt. 96. I dismissed that claim because although Thompson filed a grievance about his care from Kresser and others, his appeal of the dismissal of that grievance did not mention any of Kresser's actions or inactions. Dkt. 91, at 5–6. In his motion for reconsideration, Thompson argues that I should have denied Kresser's motion for summary judgment because he was not required to explicitly name Kresser in his grievance appeal to exhaust his administrative remedies. In my previous order, I noted that Thompson indeed was not required to name particular defendants in his grievance materials, but that he was required to "provide notice to the prison of the nature of the wrong for which redress is sought." *Id.* at 5. Thompson's appeal did not meet this standard, because it focused on defendant Laura Sukowaty's actions and did not mention any of Kresser's actions or inactions. So I will deny Thompson's motion for reconsideration.

**B.  Claims against defendants Adams and Kinyon**

The state defendants move for clarification on the status of Thompson's claims against defendant nurses Jaime Adams and Sheryl Kinyon. Thompson didn't identify these defendants by name in his original complaint, only later naming them as some of the John or Jane Doe defendants that were included in that complaint. *See* Dkt. 36. In my January 27 order, I stated that either Adams or Kinyon was the Jane Doe nurse associated with a claim about the failure to help Thompson obtain tramadol that he had been prescribed. Dkt. 91, at 3. I dismissed that claim for Thompson's failure to his exhaust his administrative remedies concerning it. *Id.* at 3–4. But I did not explicitly dismiss Adams or Kinyon from the case. The state defendants ask that I do so.

Thompson responds with his own motion for clarification, stating that Adams and Kinyon weren't the nurses involved in failing to get him his tramadol prescription (he doesn't

2

say who that nurse was; that claim is dismissed regardless). Dkt. 118. Rather, he states that they were involved in delaying treatment for his back in 2019.

At the time he filed his supplement to the complaint at Dkt. 36, I construed it as a supplement merely naming the Doe defendants and recounting his original allegations. Dkt. 55. But I take Thompson to be arguing that he intended to add new claims in that supplement, which does state that both Adams and Kinyon saw him for back pain "for almost a year" without doing anything to help him, and that they delayed off-site treatment. *Id.* at 4–6. Given the generosity with which courts should construe unrepresented parties' filings, I will allow Thompson to proceed on Eighth Amendment claims against Adams and Kinyon based on their alleged failure to treat Thompson's back pain.

## C. Thompson's motion to amend the complaint

Thompson moves to amend his complaint to add what he says is a new claim against defendant Murphy. Dkt. 95. But Thompson's proposed amendment contains the same allegations as his previous supplement to the complaint, which I accepted. *See* Dkt. 91, at 6–7. Because I have already granted Thompson leave to proceed on an Eighth Amendment claim against Murphy for delaying his surgery by changing his referral for surgery to a referral for a pain injection instead, I will deny Thompson's current motion to amend his complaint as moot.

## D. Thompson's motions for preliminary injunctive relief

Thompson moves for a temporary restraining order or preliminary injunction directing defendants Sukowaty, Acker, and Utter to treat him in various ways, including by prescribing him gabapentin and arranging for evaluations by an orthopedic specialist and a podiatrist. Dkt. 102 and Dkt. 120. Thompson's motions do not comply with the court's procedures for obtaining preliminary injunctive relief, under which Thompson must file proposed findings of

3

fact that support his claims, along with affidavits or other evidence that supports those proposed findings. But even had Thompson complied with these rules, I would deny his motions because Thompson hasn't been treated by these defendants for more than a year—he was transferred from Columbia Correctional Institution to the Wisconsin Secure Program Facility in March 2024—and this lawsuit doesn't contain any claims about his treatment at that new facility. So his motion for preliminary injunctive relief doesn't properly belong in this lawsuit.

### E. Defendant Gavin's motion to dismiss

Defendant Dr. Eileen Gavin moves to dismiss Thompson's claims against her on statute-of-limitations grounds, stating that Thompson's claims against her date to 2019. Dkt. 87. For claims like Thompson's brought under 42 U.S.C. § 1983, federal courts use the statute of limitations governing personal injury actions in the state where the injury took place. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since 2018, Wisconsin has had a three-year personal injury statute of limitations. Wis. Stat. § 893.53. Because Thompson filed his original complaint in this case in June 2023, it appears that his claims against Gavin are barred by the statute of limitations.

Thompson doesn't oppose the motion on its merits, instead stating that Gavin filed her motion to dismiss a month after the court's deadline for doing so, without filing a responsive pleading, and that he is entitled to default judgment against Gavin. That is incorrect: Gavin did file her motion to dismiss by the court's deadline, *see* Dkt. 87, and the document that Thompson calls Gavin's motion to dismiss is actually her reply brief supporting that motion, Dkt. 97. I infer from Thompson's response that he has not received a copy of Gavin's motion to dismiss. I will direct the clerk of court to send him a new copy and I will give him a short

4

time to show cause why I shouldn't dismiss his claims against Gavin on statute-of-limitations grounds.

F. **Defendants' motions to amend the schedule**

Defendant Murphy, the state defendants, and defendant Gavin all move for an extension of the dispositive motions deadline. Dkt. 108; Dkt. 109; Dkt. 112. I will grant defendant Murphy's motion and deny the others as moot. Murphy was added to this case in late January, which might have fit the current schedule had Murphy been represented by counsel for the state defendants already appearing in the case. But Murphy is represented by separate counsel and had to seek his own discovery, including a separate request for authorization of medical records. It is appropriate to extend the dispositive motions deadline to accommodate Murphy's late addition to the case. The new deadline is June 16, 2025. Murphy did not have the benefit of a separate deadline for a motion for summary judgment based on failure to exhaust administrative remedies, so if he chooses he may include an exhaustion argument in his motion for summary judgment on substantive grounds.

I expect that multiple sets of defendants will file motions for summary judgment. In that event I will not require Thompson to file a separate set of summary judgment opposition materials for each set of defendants. He may file one brief, one set of responses to proposed findings of fact, one set of his own proposed findings of fact, and one set of supporting evidentiary materials. But he must clearly organize his filings into separate sections responding to each particular motion for summary judgment.

Because the new dispositive motions deadline runs so close to the July 28 trial date, that date is struck and will be reset should the case survive summary judgment.

**G. Thompson's motion for recruitment of counsel**

Thompson renews his request for the court's assistance in recruiting him counsel, stating that he has severe mental health issues, that the inmate helping him prepare documents is no longer available to do so, that he will have difficulty litigating the case while in a segregation unit, and that the case is too complex for him to handle. Dkt. 115. Impediments like the ones that Thompson describes are unfortunately common among unrepresented prisoner plaintiffs in this court. Nothing in Thompson's filings so far, including those filed after he first stated that he was no longer receiving help from a particular other inmate, suggests that Thompson will be unable to litigate this case. He asserts that getting help from other inmates will now take extra time. That might be a reason to grant Thompson an extension of a deadline but it is not alone reason to recruit him counsel. And I am not yet convinced that the case will boil down to medical issues too complex for Thompson to handle on his own. I will deny Thompson's latest motion for recruitment of counsel, again without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Quenton Thompson's motion for reconsideration, Dkt. 96, is DENIED.

2. The state defendants' motion to dismiss defendants Adams and Kinyon, Dkt. 114, is DENIED. Plaintiff's motion for clarification, Dkt. 118, is GRANTED. Plaintiff is now GRANTED leave to proceed on Eighth Amendment claims against defendants Adams and Kinyon regarding their care in 2019.

3. Plaintiff's motion to amend his complaint, Dkt. 95, is DENIED as moot.

4. Plaintiff's motions for preliminary injunctive relief, Dkt. 102 and Dkt. 120, are DENIED.

5. Plaintiff may have until May 27, 2025, to show cause why his claims against Gavin shouldn't be dismissed on statute-of-limitations grounds.

6. Defendant Murphy's motion to amend the schedule, Dkt. 108, is GRANTED.

7. The state defendants' and defendant Gavin's motions to amend the schedule, Dkt. 109 and Dkt. 112, are DENIED as moot.

8. The schedule is amended as follows: the dispositive motions deadline is extended to June 16, 2025. The July 28, 2025 trial date and associated pretrial-submission deadlines are STRUCK and will be reset should the case survive summary judgment.

9. Plaintiff's motion for recruitment of counsel, Dkt. 115, is DENIED.

10. The clerk of court is directed to send plaintiff a copy of defendant Gavin's motion to dismiss, Dkt. 87, and supporting documents, Dkt. 88 and attachments.

Entered May 12, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge