IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTON THOMPSON,

       Plaintiff,

 v.

HANNAH UTTER, ALANA ACKER,
LAURA SUKOWATY, BONNIE ALT,
DENISE VALERIUS, EILEEN GAVIN,
JAIME ADAMS, SHERYL KINYON,
and DR. MURPHY,

       Defendants.

ORDER

23-cv-381-jdp

---

  Plaintiff Quenton Thompson, proceeding without counsel, alleges that prison staff failed to properly treat his severe back and hip problems and the pain from those problems, and then failed to accommodate his resulting disabilities. This order concerns defendant Dr. Eileen Gavin's motion to dismiss and Thompson's motions for an update on the status of motions he previously filed.

**A.  Defendant Gavin's motion to dismiss**

  Defendant Gavin moves to dismiss Thompson's Eighth Amendment medical care claims against her on statute-of-limitations grounds, stating that Thompson's claims against her date to 2019. Dkt. 87. For claims like Thompson's brought under 42 U.S.C. § 1983, federal courts use the statute of limitations governing personal injury actions in the state where the injury took place. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since 2018, Wisconsin has had a three-year personal injury statute of limitations. Wis. Stat. § 893.53. Because Thompson filed his original complaint in this case in June 2023, it appeared that his claims against Gavin are barred by the statute of limitations.

Thompson didn't oppose the motion to dismiss on its merits, instead arguing that he was entitled to default judgment, which suggested that Thompson hadn't received a copy of the motion. I directed the clerk of court to send him a new copy of that motion and I ordered him to show cause why I shouldn't dismiss his claims against Gavin on statute-of-limitations grounds. Dkt. 121.

Thompson has filed his response, arguing that his claims against Gavin aren't time-barred because he continues to suffer physical injuries because of Gavin's alleged improper medical treatment. But that is an incorrect interpretation of the statute of limitations. Dkt. 125. The fact that Thompson continues to be harmed by Gavin's actions or inactions in 2019 does not extend the statute of limitations indefinitely. *See Diliberti v. United States*, 817 F.2d 1259, 1264 (7th Cir. 1987) ("The plaintiff has not alleged any new unlawful conduct by the [defendant]; he has merely alleged a continuing adverse consequence of prior unlawful conduct."). I will grant defendant Gavin's motion to dismiss Thompson's claims against her.

Gavin also moves to extend the dispositive-motions deadline. Dkt. 131. I will deny that motion as moot.

B. **Thompson's motions for status update**

Thompson filed a series of motions asking for a status update on motions that he had previously filed. Dkts. 122–24. But those motions crossed in the mail with my opinion resolving each of those motions. Dkt. 121. I will deny Thompson's motions for a status update as moot.

ORDER

IT IS ORDERED that:

1. Defendant Gavin's motion to dismiss, Dkt. 87, is GRANTED. Defendant Gavin is DISMISSED from the case.

2. Defendant Gavin's motion to extend the dispositive-motions deadline, Dkt. 131, is DENIED as moot.

3. Plaintiff's Quenton Thompson's motions for a status update, Dkts. 122–24, are DENIED as moot.

Entered June 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge