IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTON THOMPSON,

                Plaintiff,
  v.

HANNAH UTTER, ALANA ACKER,
LAURA SUKOWATY, BONNIE ALT,
DENISE VALERIUS, JAIME ADAMS,
SHERYL KINYON, and DR. MURPHY,

                Defendants.

ORDER

23-cv-381-jdp

---

      Plaintiff Quenton Thompson, proceeding without counsel, alleges that prison staff failed to properly treat his severe back and hip problems and the pain from those problems, and then failed to accommodate his resulting disabilities. The parties are currently briefing defendants' motions for summary judgment. I struck the trial date to accommodate summary judgment briefing regarding a claim against defendant Murphy that Thompson added in an amended complaint. *See* Dkt. 121, at 5. This order concerns several motions filed by Thompson.

      Thompson moves for sanctions against the state defendants for seeking an extension of the dispositive motions deadline. Dkt. 140. But defendants' motion was reasonable—I granted defendants an extension—and Thompson doesn't give a persuasive reason to sanction defendants for filing it.

      Thompson has filed a "motion for interrogatories," Dkt. 141, and a "motion for production of documents," Dkt. 144. The state defendants respond that it's too late for Thompson to make these requests because discovery closed on June 20. But this discovery cutoff was initially set to occur shortly before the trial, to allow for post-summary-judgment

discovery if necessary. It is not improper for Thompson to continue to seek discovery at this stage of the case, although I will not extend summary judgment briefing to accommodate further discovery by the parties.

As for the motions themselves, Thompson's motion for interrogatories appears to be a discovery attempt sent to the court instead of directly to defendants, as previously directed in the preliminary pretrial conference order. I will formally deny this motion but Thompson may send his requests directly to defendants.

Thompson's motion for production of documents is really a motion to compel; Thompson describes his previous attempts to obtain certain documents from the state defendants. Some of what Thompson seeks are medical records, but he admits that he has not fully reviewed the large medical file (more than 1,000 pages) that the state defendants sent him. He doesn't show an adequate basis to support that portion of his motion. But he separately seeks emails among various defendants about his medical care; it's unclear whether those documents are part of the DOC's medical file. I will have the state defendants respond to this portion of Thompson's motion.

Thompson moves for an extension of time of his deadline to respond to defendants' motion for summary judgment because of the large volume of medical records that he has received. Dkt. 162. I will grant that motion and set a new briefing schedule. But Thompson may not seek further extensions to accommodate further discovery.

ORDER

IT IS ORDERED that:

1. Plaintiff Quenton Thompson's motion for sanctions, Dkt. 140, is DENIED.

2. Discovery is REOPENED.

3. Plaintiff's motion for interrogatories, Dkt. 141, is DENIED.

4. Plaintiff's motion to compel discovery, Dkt. 144, is DENIED in part. The state defendants may have until August 7, 2025, to respond to plaintiff's motion to compel regarding emails among defendants about his medical care.

5. Plaintiff's motion for extension of time, Dkt. 162, is GRANTED. Plaintiff's new summary judgment response deadline is September 2, 2025. Defendants' new reply date is September 15, 2025.

Entered July 30, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge